**Opinion issued July 6, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00719-CR

———————————

## EX PARTE DAN TREVINO, Appellant

---

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Case No. 1688208**

---

## MEMORANDUM OPINION

Appellant Dan Trevino was charged by complaint under Texas Penal Code section 33.07(a). He filed a pretrial application for writ of habeas corpus challenging the constitutionality of that statute and, on September 11, 2020, the trial court denied his application. On appeal, Trevino complains that the trial court erred in denying

his application for habeas relief because section 33.07(a) is facially overbroad.  We affirm.

Trevino was charged with the offense of online impersonation, which contains the following elements:

> A person commits an offense if the person, without obtaining the other person's consent and with the intent to harm, defraud, intimidate, or threaten any person, uses the name or persona of another person to:
>
> > (1) Create a web page on a commercial social networking site or other Internet website

TEX. PENAL CODE § 33.07(a)(1).

"A perpetrator of online impersonation is popularly referred to as a 'catfish'—someone who creates a fake online persona and uses it to lure the victim into an Internet romance or otherwise deceive others."  Kori Clanton, Note, *We Are Not Who We Pretend to Be:  ODR Alternative to Online Impersonation Statutes*, 16 Cardozo J. Conflict Resol. 323, 323 (Fall 2014) (citations omitted).  In the complaint against Trevino, the State charged that he "unlawfully, with the intent to harm, defraud, intimidate, and threaten," used the name of the complainant Elena Trevino to create a web page on a commercial social networking site—AdultFriendFinder.com—without obtaining the complainant's consent."

Trevino complains that this statute is unconstitutional because it is a content-based restriction on speech and is facially overbroad.  Trevino acknowledges that

other courts have upheld the constitutionality of this statute but he contends those decisions were erroneous.

"A facial challenge to the constitutionality of a statute that defines the offense charged may be raised by means of a pretrial application for a writ of habeas corpus." *Ex parte Thompson*, 442 S.W.3d 325, 333 (Tex. Crim. App. 2014). When an appellant raises a challenge to the facial constitutionality of a statute, it is a question of law that we review de novo. *See Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). We must presume that the statute is valid and that the Legislature did not act unreasonably or arbitrarily. *See id.* at 14–15. The burden of demonstrating that a statute is unconstitutional rests on the party challenging the statute. *See id.* at 15.

"The First Amendment—which prohibits laws 'abridging the freedom of speech'—limits the government's power to regulate speech based on its substantive content." *State v. Stubbs*, 502 S.W.3d 218, 224 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (quoting *Ex parte Flores*, 483 S.W.3d 632, 639 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Where regulations are content-based, the presumption of validity is reversed, the statute is presumed invalid, and the State must rebut that presumption. *Lo*, 424 S.W.3d at 15.

A statute that suppresses or imposes burdens on speech based on its content is subject to strict scrutiny. *Id.* We may uphold such a regulation only if it is

necessary to serve a compelling state interest and the regulation employs the least speech-restrictive means to achieve its goal. *Flores*, 483 S.W.3d at 639. If, on the other hand, the statute is content-neutral and regulates only the "time, place, and manner of speech" as well as regulates without reference to the content of the speech, the regulation receives intermediate scrutiny. *Id.* at 639 (citing *Turner Broad. Sys., Inc. v. F.C.C.*, 512 U.S. 622, 642 (1994) and *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989)).

"Government regulation of speech is content based if a law applies to particular speech because of the topic discussed or the idea or message expressed." *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015). Thus, a court considering a regulation must determine whether the regulation "on its face" draws a distinction based on the message the speaker conveys. *See id.* Some facial distinctions are obvious, where the regulated speech is defined by subject matter, or more subtly, "defining regulated speech by its function or purpose." *See id.* Both distinctions are based on the message conveyed and therefore, are content-based and subject to strict scrutiny. *See id.* at 163–64.

A number of appellate courts have addressed the issue presented here and upheld the constitutionality of section 33.07. *See, e.g.*, *Ex parte Maddison*, 518 S.W.3d 630, 639–40 (Tex. App.—Waco 2017, pet. ref'd) (reversing trial court's finding that section 33.07 was unconstitutional and holding that section 33.07 is not

4

facially overbroad or unconstitutionally vague); *Stubbs*, 502 S.W.3d at 233, 235, 238 (upholding statute as content-neutral, not facially overbroad, and not unconstitutionally vague); *Ex parte Bradshaw*, 501 S.W.3d 665, 677–78, 680 (Tex. App.—Dallas 2016, pet. ref'd) (upholding statute as not overbroad, not unconstitutionally vague, and not violative of the Dormant Commerce Clause).

Despite this authority upholding the constitutionality of section 33.07, Trevino argues that these courts misapplied the Supreme Court's overbreadth analysis. Trevino first contends that section 33.07 regulates protected speech because it concerns the content of web pages, including the underlying computer code, which constitute speech. But the courts have determined that the plain text of the statute concerns speech and that because the statute reaches some protected speech the court was required to determine whether the statute was content-based or content neutral. *See Stubbs*, 502 S.W.3d at 229.

Because Trevino is making a facial challenge, we must look to the statute on its face, and facially the statute does not mention a particular topic or subject matter of speech that would be restricted. *See id*. at 230. Moreover, the statute does not, on its face, discriminate on the basis of any particular viewpoint or prohibit a particular subject matter. *See id.* Based on this lack of regulation of the content of speech, Texas courts have held that Section 33.07 is not a content-based regulation and therefore, is not subject to strict scrutiny. *See, e.g., id.* at 229–31; *Ex parte Hall*,

5

No. 03-18-00731-CR, 2019 WL 1925902, at * 4 (Tex. App.—Austin May 1, 2019, pet. ref'd) (mem. op.; not designated for publication); *Ex parte Backus*, No. 05-16-00517-CR, 2016 WL 4444627, at *1 (Tex. App.—Dallas Aug. 23, 2016, pet. ref'd) (mem. op.; not designated for publication); *Ex parte McCormick*, No. 05-16-00746-CR, 2016 WL 6135522, at *1 (Tex. App.—Dallas Oct. 21, 2016, pet. ref'd) (mem. op.; not designated for publication). We agree with the holdings of these Texas courts that Section 33.07 is not a content-based regulation.

"A statute or ordinance is facially overbroad if it reaches a substantial amount of constitutionally protected conduct, such as speech or conduct protected by the First Amendment." *Stubbs*, 502 S.W.3d at 232. A court will not invalidate a statute for overbreadth merely because there might be some possible unconstitutional applications. *See id.* Instead, a statute "will be held facially overbroad only if the impermissible applications of the law are real and substantial when judged in relation to the statute's plainly legitimate sweep." *Id.* Thus, we will uphold the statute if there is a reasonable construction that renders it constitutional. *See id.*

In *Stubbs*, the court held that the online impersonation statute "serves a significant governmental interest" because it proscribes "malicious conduct associated with the nonconsensual usage of someone else's name or persona to create a web page or post or sent a message on a commercial social networking site or other Internet website." *Id.* And the statute proscribes conduct performed with

6

criminal intent. *See id.* at 233. "Actually using someone's name or persona without her consent to create a web page or post or send a message on or through a commercial social networking site or other Internet website with criminal intent means that what may have previously been mere thoughts instead are now thoughts put into and which accompany punishable actions." *Id.* at 234.

Trevino offers hypothetical examples of unconstitutional applications of the statute such as web pages criticizing political figures and claims that "[t]he harm done (and presumably intended) by the speech . . . . is hurt feelings—annoyance and embarrassment." But hypothetical possibilities do not demonstrate a realistic danger that the statute's application will be overly broad and we will not invalidate section 33.07 for overbreadth merely because there might be some possible unconstitutional applications. *See id.* at 232. We conclude that Trevino has not established that Section 33.07(a) is facially overbroad.

We affirm the trial court's denial of Trevino's application for writ of habeas corpus. Any pending motions are dismissed as moot.


Peter Kelly
Justice

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy. Opinion delivered by Justice Kelly.
Do not publish. TEX. R. APP. P. 47.2(b).

7